3090747 Kathleen Keebler, Appellant Ralph Davis v. Freeport Farm & Fleet, Inc. Appellee Adam Chaddock Mr. Davis, you may proceed. Good morning, Your Honors. Counselor, I'm going to follow the clerk's instruction that everyone has read the briefs, and I'm going to go directly to what I believe is the chief culprit in this case. And that culprit is when the court did the analysis on the open and obvious hazard, and this is a case where my client, Kathleen Kleiber, walked across a pallet to get to some dirt, and her foot went into the pallet, and then she fell and suffered an injury from that. But the culprit is the court looked only at the open and obvious hazard, period, and analyzed it that way, and did not look at Section 343A of the Restatement of Courts. And if you look at the language of that restatement, if you look on my brief, page 6, you'll see that the second half of that restatement makes it very clear that the burden of analysis shifts over to the defendant. It's on the defendant's conduct and knowledge. I'll read it to you. This is the exception to the open and obvious hazard. Unless the possessor should anticipate harm despite such knowledge or obviousness. And what we have here is a box store engaging in common box store activity by having their merchandise spread out in front of the store. It's very clear that that's there for the purpose of being for sale. It's not secured by anything. The public is not prohibited from going there. So if we look at that exception and then put that in the context of a famous case, Ward v. Kmart, the key thing we have to look for under a Ward v. Kmart analysis is whether or not, with this open and obvious hazard, whether Ms. Kleiber was distracted. And we have testimony of Ms. Kleiber, and it's undisputed. And it appears on page 9 of the brief. And under a Ward v. Kmart analysis, this would classify as abstraction. And she said, when asked why she didn't make an observation about the pallet, she said, I guess I was looking at the soil that I was going to be picking up. That's the language of distraction. It fits within the four corners of Ward v. Kmart. But I'd like to take this just a little bit further in case your honors don't agree with me and say, well, this is somehow not the language of distraction. There's a thing called the deliberate encounter exception. And that stems from cases like Lefevre and on. We rely heavily in the brief on a case called Simmons v. American Drug that appears on page 10. And what that amounts to is if a possessor of property puts something out somewhere in a hazard that he knows and has reason to expect that people are going to cross that hazard anyway because of their own self-interest, then this deliberate encounter exception kicks in. Now, what we have here is a retailer who on purpose has all this product out for sale and has this pallet in front of the product. And there was no other way to get to that product. To get to that topsoil that that couple wanted to buy, they had to cross that pallet. I submit to your honors that that falls well within the deliberate encounter exception. But I would encourage you to look first at Ward v. Kmart. If you find that Ms. Clyburn was distracted and she suffered an injury from an obvious hazard because of her distraction, that Ward v. Kmart take the day. If you decide that Ward v. Kmart doesn't, I would have you look at Simmons and that law because I think either way we would find ourselves back in the circuit court trying this case again. And I am going to be brief today because with that, I believe that's the strength and the guts of our argument. And on that, I would ask that you reverse the remand of this case. Thank you very much. Thank you, Mr. Davis. Mr. Chaddock, you may respond. Thank you, Your Honor. I guess I want to start with a little bit more of the factual background that Mr. Davis gave you. Mr. Davis read the one quote saying that she was looking at the bag of soil just prior to her falling. But there's more to the facts than that. She admitted in her deposition that she recognized the obvious condition in front of her before she went to traverse. She recognized a pallet, an ordinary pallet with wood slats and space between the wood slats. So she approached the soil. She recognized that there was a condition that she was traversing. And then, as Mr. Davis said, she indicated that she was looking at the soil. I don't think her looking at the soil is evidence of distraction. If you look at the cases that we have cited in our brief, the England case, the Burkitt case, the Widowman case, the True case, those cases are significant inasmuch as they say that a self-created distraction is not a distraction. For example, in the Burkitt case, that's a case where a tree trimmer was working up in a tree, and the allegation of distraction was that he became distracted with his own work. He became distracted with what he was doing. And then he slipped down the tree that he was working on and fell onto a nearby utility pole. And that's very analogous to the instance case where she became distracted with what she was doing. It was a self-created distraction with what she had in her hands. It was a self-created distraction. I would also cite to the Widowman case. Again, it was an electrician, a lineman, that was injured on high-voltage wires. And again, the argument was, well, he was distracted with the work he was doing. And again, a self-created distraction is not enough. A landowner has the right to assume that those entering on their land will use reasonable and ordinary care for their safety. A landowner is not required to anticipate the negligence of an invitee. A landowner is not expected to safety-proof his entire property. So I think the Widowman and Burkitt cases are right on. And I would also point to the England case. The England case is a case where a miner and the miner's parent were at a home with a pool. The miner fell in the pool and drowned. And the parent argued, well, I was distracted. And the England case said, no, the pool was such a blatantly obvious condition that it could not be forgotten and it could not be distracted from in the circumstances of the case. And I would say the pallet is the same thing. The plaintiff approaches the pallet, recognizes the pallet, walks across the pallet, and hits the bag of soil. It was a blatantly obvious condition that she could not forget about. She never left the pallet. In the second she traversed it, are we to expect that she forgot about it? Are we to expect that she couldn't remember from one second to the next where she was standing? And that's why I think the England case is controlling. If it's blatantly obvious and you couldn't forget about it, you couldn't be distracted from it, and she couldn't because she was standing on it, then there is no distraction. Now, there's discussion by Mr. Davis of this deliberate encounter exception. I have cited a great deal of case law in my brief that suggests that the deliberate encounter exception requires some economic compulsion. In turn, Mr. Davis has cited the Simmons case. And my response to the Simmons case is that it did not, in fact, consider any of the controlling case law on deliberate encounter exceptions or on the need for economic compulsion for the deliberate encounter exception to apply. The Illinois Supreme Court, in LaFever, specifically indicates that the deliberate encounter exception applies where there's someone who's doing something because of their work, and they're forced to engage the allegedly dangerous condition or face some sort of employment consequences. I guess the obvious example that comes to my mind is the water meter reader that has to encounter the dog in the fence yard or has to encounter a hill to get to the water meter. And that's when the deliberate encounter exception applies. It doesn't apply to this type of case. And furthermore, even if this court was to hold that there was no economic compulsion element to the deliberate encounter exception, I still think there has to be a condition which the plaintiff recognizes and says, this is a dangerous condition, and I'm going to encounter it anyway. In this case, there's no indication from the plaintiff that she considered the pallet to be dangerous. Rather, she indicated in her testimony on pages 20 through 25 that it was a pallet. She recognized it. It was four foot by four foot, four inches high. I traversed it to get to the soil. She never indicated that there was a dangerous condition that she was deliberately encountering. So I think there are several elements missing for the deliberate encounter exception to be applied here. And furthermore, the case law – So she's going to have to recognize that it's dangerous to traverse a pallet? I believe so. And I think that's – I mean, the name of the exception is a deliberate encounter, and if there's no deliberate intent from the plaintiff, no deliberate intent to encounter the allegedly dangerous condition, then I don't think it's applicable. And furthermore – So she defines it's a dangerous condition? If she indicated – I think the court can look at it as both objective – from an objective standard and a subjective standard. Of course, we know the open and obvious conditions are controlled by an objective standard, what the reasonable person – I'm sorry? What's the purpose of the pallet? The pallet was no doubt holding product prior to it having been emptied. So a pallet is not to be a walkway, is it? I don't think it is necessarily a walkway, and I think there was – So it could be objectively considered to be dangerous to traverse? I don't think that's true. I think an objectively reasonable person would recognize the pallet and not find it unreasonably dangerous. In other words, it can be traversed if you walk on the wood slabs. It can be traversed, and it can be traversed easily. Her husband indicated that he was there that day and had no trouble traversing the pallet. I would say that – Do they make wood decks with the spaces between? They do not. Okay. They do not. But the fact that there were spaces in and of itself I don't think makes it unreasonably dangerous. I might agree with Your Honor that it was unreasonably dangerous if it was unreasonably slick or if there was a loose board or if it was splintered or there was nails puncturing through it such that that was an unreasonably dangerous condition. But in and of itself, I don't think the pallet alone is unreasonably dangerous. And I think you go back to the Ward v. Kamar case where they did find the plaintiff there, but they said that the cement – that's how they started their analysis was by saying the cement posts to which the plaintiff ran into were not unreasonably dangerous in and of themselves. It was their placing. And in this case, I would suggest to you the pallet was not an unreasonably dangerous in and of itself. I would argue that the placement of the pallet wasn't unreasonably dangerous. In other words, it wasn't around a blind corner. It wasn't behind an opaque door as in the Ward case where the cement posts were behind an opaque door. There was nothing that prevented the plaintiff from seeing the wooden pallet. So I guess to answer your question, I recognize that there are spaces between the slats, but that in and of itself was not unreasonably dangerous. I would like to also point the Court to a couple other issues outside of the open and obvious legal framework. First of all, we filed our motion for summary judgment before the trial court on three grounds. One, that there was no defect identified by the plaintiff, and that kind of goes to what I was just arguing to you, Judge. There was no obvious slickness to the wooden pallet. There was no obvious loose board to the wooden pallet. And the plaintiff admits in her deposition testimony that her fall was caused by her own foot placement. We couldn't control her gait. We couldn't control the manner in which she walked across that wooden pallet. And then secondarily and similarly, we argued that the plaintiff's contributory fault was the approximate cause of her injury. The trial court didn't rule on the first whether or not there was a defect, but he did indicate on page 11 of the report of proceedings that his ruling was based both upon the plaintiff's contributory fault and the fact that there was an open and obvious danger. So I didn't hear Mr. Davis consider those two issues, and I think those were issues upon which the trial court could have found summary judgment and upon which this Court can sustain the summary judgment. Finally, there's an indication in the plaintiff's brief that they should have been allowed to do more discovery, that no one from the defendant had been deposed. I think that's a little bit of a red herring because never before the trial court was there any request for additional discovery. Never before the trial court was a 191B affidavit filed. Never was there any suggestion that additional discovery needed to take place prior to the hearing on the motion for summary judgment. So I think that issue has been weighed. With that, I have nothing further unless one of the Court has a question for me. Thank you. Mr. Davis, you may reply. Thank you, Your Honor. First of all, there's no disputing that the plaintiff had recognized the hazard. I don't think there's any dispute there. She did cross the hazard. What I was trying to point out by the quote was that even though she had recognized the hazard, she was going for the soil. She didn't look to where her feet were going and therefore was distracted. The FOE relies on three cases, England, Willman, and Burkett. And I'd like to bring to the attention of the Court that those are all non-retail setting cases involving open and obvious hazards. Ward applies in the retail setting. This is a retail setting where we have just the physical layout of the place and the way the product is displayed and made available for customers, it makes it apparent that it was within the knowledge of Farm and Fleet of what they were doing. They did it. They did it there and it was their own purpose. And it was in a retail setting. And I'd like to clarify something regarding Ward. The Court in Ward focused more on the fact that the plaintiff was distracted by carrying a mirror out of the store so he did not see or remember the hazard that he might have seen on the way in and he walked into that concrete pillar. It wasn't so much the placement that was criticized. What I really would encourage, since this is a de novo review, is to look at Section 343A itself and look at how it shifts the analysis to the defendant's knowledge and conduct. I would distinguish away any remarks about the title of the kind of exception that appears in Simmons, the deliberate encounter exception. One does not have to follow those two words, deliberate encounter, to follow 343A that's been adopted by the Illinois Supreme Court. Go to the language of 343A and you'll see that it shifts the analysis. And, Your Honors, when you shift that analysis, if you see the conduct of farm and fleet as that which would fall into one of those exceptions, then I would ask the Court to reverse the remand. And I have no further comments. Thank you very much. Thank you, Counsel, for your fine arguments in this matter this morning. It will be taken under advisement.